IN RE OZAUKEE COUNTY FARM DRAINAGE No. 9: DIETRICH and others, Respondents, vs. OZAUKEE COUNTY FARM DRAINAGE BOARD, Appellant.

*April 2—June 24, 1929.*

258

*Chas. J. Kunny* of Port Washington, for the appellant.

For the respondents Dietrich, Schultz, and Gilow there was a brief by *Schanen & Huiras* of Port Washington, and oral argument by *Peter M. Huiras*.

*Clarence J. O'Brien* of South Milwaukee, for the respondent Estate of M. F. Dockery.

The following opinion was filed April 30, 1929:

ROSENBERRY, C. J.   The report of the county drainage board filed on November 14, 1927, is as follows:

Assessment of benefits and awards of damages and assessment for cost of construction and net assessment for cost of construction.

| Description of land, or name of corporation. | Assessed benefits. | Assessed for construction. | Damages. | Net assessment for construction. |
|---|---|---|---|---|
| Plaintiff Dockery .... | $805.00 | $362.25 | None | $362.25 |
| Plaintiff Schultz ..... | 110.35 | 49.66 | $1.00 | 48.66 |
| Plaintiff Gilow ....... | 97.75 | 43.99 | 1.00 | 42.99 |
| Plaintiffs Dietrich .... | 55.00 | 24.75 | 1.00 | 23.75 |
| County of Ozaukee .... | None | None | None | None |
| Town of Cedarburg .. | None | None | None | None |
| Town of Mequon ..... | None | None | None | None |
| Totals ......... | $1,068.10 | $480.65 | $3.00 | $477.65 |

Plaintiffs Dietrich objected to the report on the ground that they will sustain no benefits but will sustain damages by reason of the construction of the proposed drainage. The plaintiffs Gilow and Schultz severally filed written objections to the report upon the ground that they will sustain no benefits, and for the further reason that the entire benefit will inure to M. F. Dockery. Upon the trial the jury found by their verdict that M. F. Dockery's land would be benefited by the construction of the proposed drainage in the sum of $805. As to the other parties the finding of the jury is disclosed by the following table:

| Description of lands. Lands of— | Assessed benefits. | Assessed for construction. | Damages. | Net-assessment for construction. |
|---|---|---|---|---|
| Plaintiff Schultz ..... | None | None | $100.00 | None |
| Plaintiff Gilow ....... | None | None | 100.00 | None |
| Plaintiffs Dietrich .... | None | None | 400.00 | None |

Upon the coming in of the verdict the drainage board moved the court to change the answers to the first, second, and third questions of the special verdict from "Not at all"

to "$55.00," "$97.75," and "$110.35," respectively, and change the answers to the fifth, sixth, and seventh questions from "$400.00," "$100.00," and "$100.00," respectively, to "$1.00" respectively, and for judgment upon said special verdict so changed, confirming in all respects the report of the county drainage board; and if such motions should be denied, to set aside the special verdict and grant a new trial. The motion of the drainage board was denied. Judgment was entered modifying the report of the drainage board as confirmed by the county court so as to conform to the findings of fact made by the jury and the record was ordered returned to the county court.

The situation now presented may be stated as follows: the estimated cost of construction as shown in the county drainage board's report is $480.65, which is forty-five per cent. of the assessed benefits. In the report of the drainage board the plaintiffs Dietrich, Gilow, and Schultz were awarded $3 damages. The jury found damages to these three plaintiffs aggregating $600, or $597 more than was awarded in the report. Adding the damages to the cost of doing the work makes the total cost of construction of the drainage $1,077.65. According to the verdict of the jury the lands of the plaintiff Dockery were benefited to the extent of $805. The jury found that the cost of construction amounts to $272.65 more than the assessed benefits. It is impossible to proceed with the construction of the drainage.

The principal contention of the drainage board is that under the doctrine announced in *Stone v. Little Yellow D. Dist.* 118 Wis. 388, 95 N. W. 405, and *Ward v. Babcock,* 162 Wis. 539, 156 N. W. 1007, after the district is established the ascertainment of damages and benefits must be on the hypothesis that the total benefits exceed the total damages and cost of construction.

The statute under consideration in those cases (sec. 1379—20, Stats. 1915) provides:

The court . . . "on demand of any person or corporation assessed for benefits or awarded damages, may frame issues in said matter, impanel a jury and take its verdict upon the trial of such issues (1) whether the amount of damages awarded by the commissioners to any land is excessive or whether the damage allowed to any remonstrant's land is inadequate and (2) whether the assessment of benefits to any remonstrant, demanding the review by a jury, is too high or too low and the jury may award and assess the same."

The statute further provides that the court may modify the report made by the commissioners, and provision is also made for an appeal to the supreme court.

In *Ward v. Babcock, supra,* at page 543, referring to this statute, the court said:

"The statute provides that the damages to the land caused by the construction of the improvement and the benefits flowing from such construction are questions which may be tried before a jury. But after the district is established, the ascertainment of damages and benefits must be on the hypothesis that the total benefits exceed the total damages and cost of construction."

While the proceeding in *Ward v. Babcock* was under the section of the statute denominated "Drainage district provisions for organization," which are now found in ch. 89, the provisions under the so-called Farm Drainage Law (ch. 88), under which the proceedings in the instant case are brought, follow very closely the drainage district law of 1915. In each case there is a preliminary proceeding to determine whether or not the drainage shall be organized, in which proceeding the question of whether or not the benefits will exceed the damages and cost of construction is to be ascertained by the court, and under each statute it is found

that if the benefits will not exceed the damages and costs of construction the petition is to be dismissed. It is this preliminary finding which was referred to by the court in *Ward v. Babcock, supra,* as conclusively establishing that the benefits will exceed the damages and costs of construction. After an order has been entered directing the organization of the drainage under ch. 88, the drainage board is required, sec. 88.08 (1) (b), to assess the benefits that will accrue to each parcel of land and corporation benefited. (Here follow matters to be taken into account in assessing benefits.) (c) Award damages to such lands and corporations as will be damaged thereby.

The section under which the appeal is taken (88.25) provides:

"On such appeal all issues, except benefits and damages, shall be tried by the court, and issues arising with respect to benefits and damages shall be tried by the court unless a jury trial thereon is demanded."

Ch. 88 makes no explicit provision in respect to what is to happen in case the jury finds as it did in this case that the damages and costs of construction exceed the benefits. Under the provisions of ch. 88 no contract is to be let until the report of the board required by sec. 88.08 has been confirmed. That report having been modified in accordance with the verdict of the jury, the drainage board is without the means of constructing the improvement. The statute does not provide that in the event the jury shall find that the damages and cost of construction exceed the benefits, the district shall be dissolved. Manifestly, there can be no purpose in undertaking a work which cannot be completed. The statute was quite apparently framed upon the theory that there would always be a wide margin between the amount assessed for benefits and the damages and costs of construction. No provision was made for a situation such as is disclosed in this case. It is equally apparent that the provisions found in sec. 1379—20 referred to above with respect to a

jury trial, and what issues are to be determined by the jury, are materially different from those contained in sec. 88.25; nor does ch. 88 contain provisions similar to those found in sec. 1379—20 with respect to the power of the court to amend and change the report filed by the commissioners.

It being quite apparent that the jury trial provided by ch. 88 differs materially from that under consideration in *Ward v. Babcock, supra,* we conclude that the court did not err in modifying the report to conform to the verdict of the jury, and the judgment entered is correct. We can arrive at no other conclusion than that the statute fails to make provision for the situation disclosed in this case.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 24, 1929.